UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Larry J French,<br><br>                    Petitioner,<br><br>    v.<br><br>Jeffrey A. Uttecht,<br><br>                    Respondent. | CASE NO. 3:19-cv-05345-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: August 16, 2019 |

The District Court referred this action, filed pursuant to 28 U.S.C. § 2254, to United States Magistrate Judge David W. Christel. Presently before the Court is Petitioner Larry J. French's "Motion to Withdraw Petition" ("Motion"), wherein Petitioner requests this case be dismissed without prejudice. Dkt. 13. After review of the record, the undersigned recommends this case be dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**I.    Background**

On April 22, 2019, Petitioner initiated this lawsuit. Dkt. 1. On May 1, 2019, the Court ordered service of the Petition. Dkt. 7. On June 14, 2019, Respondent filed his Answer. Dkts. 11,

12. On June 24, 2019, Petitioner filed the Motion. Dkt. 13. Respondent did not file a response. *See* Dkt.

## II. Discussion

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by a plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2). Courts have held Rule 41 applies to § 2254 cases. *See Orozco v. California Dep't of Corr.*, 2017 WL 6626637, at *4 (C.D. Cal. Dec. 28, 2017) (applying Rule 41 to a § 2254 action); *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases").

In his Motion, Petitioner moves to have his case dismissed without prejudice, stating he filed the Petition prematurely. Dkt. 13. Petitioner states his *pro se* direct appeal in state court is still pending. *Id.* Respondent's Answer seeks dismissal without prejudice for failure to exhaust state remedies, or, in the alternative dismiss with prejudice for lack of merit. Dkt. 11. Respondent has not opposed Petitioner's Motion and presents no reason why the Motion should not be granted. Because Petitioner may be successful in his direct appeal in state court, the Court finds

it is prudent to delay addressing the merits of the Petition until after the state courts have resolved the matter. Therefore, the Court finds Petitioner's Motion (Dkt. 13) should be granted pursuant to Rule 41(a)(2).

### III.  Conclusion

For the foregoing reasons, the Court recommends the Petition be dismissed without prejudice, and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 16, 2019 as noted in the caption.

Dated this 25th day of July, 2019.

David W. Christel
United States Magistrate Judge